SUE ELLEN WOOLDRIDGE
Assistant Attorney General
United States Department of Justice

FRED DISHEROON
Special Litigation Counsel
Environment and Natural Resources Division
Telephone: 202/616-9649

STEPHEN M. MACFARLANE
Environment and Natural Resources Division
United States Department of Justice
501 I Street, Suite 9-700
Sacramento, California 95814
Telephone: 916/930-2204   Fax: 916/930-2210
Email: Stephen.Macfarlane@usdoj.gov

Attorneys for Plaintiff

WILLIAM E. PETERSON
Morris Pickering & Peterson
6100 Neil Road, Suite 555
Reno, Nevada 89511
Telephone: 775/829-6005
Email: wep@morrislawgroup.com

GORDON H. DePAOLI
Woodburn and Wedge
6100 Neil Road, Suite 500
Reno, Nevada 89511
Telephone: 775/688-3000
Email: gdepaoli@woodburnandwedge.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> THE TRUCKEE RIVER GENERAL ELECTRIC COMPANY, a corporation <br><br> Defendants. | Case No.: 2:68-cv-00643-LKK <br><br> [~~PROPOSED~~] ORDER AUTHORIZING RELEASES OF WATER FROM LAKE TAHOE IN QUANTITIES GREATER THAN NEEDED TO MAINTAIN FLORISTON RATES |

1

1  SUE ELLEN WOOLDRIDGE
   Assistant Attorney General
2  United States Department of Justice

3  FRED DISHEROON
4  Special Litigation Counsel
   Environment and Natural Resources Division
5  Telephone: 202/616-9649

6  STEPHEN M. MacFARLANE
7  Environment and Natural Resources Division
   United States Department of Justice
8  501 I Street, Suite 9-700
   Sacramento, California 95814
9  Telephone: 916/930-2204  Fax: 916/930-2210

10 Attorneys for Plaintiff

11 WILLIAM E. PETERSON
12 Morris Pickering & Peterson
   6100 Neil Road, Suite 555
13 Reno, Nevada 89511
   Telephone: 775/829-6005
14 Email: wep@morrislawgroup.com

15 GORDON H. DePAOLI
16 Woodburn and Wedge
   6100 Neil Road, Suite 500
17 Reno, Nevada 89511
   Telephone: 775/688-3000
18 Email: gdepaoli@woodburnandwedge.com

19 Attorneys for Defendants

20            IN THE UNITED STATES DISTRICT COURT
21           FOR THE EASTERN DISTRICT OF CALIFORNIA
22

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 2:68-cv-00643-LKK |
| ) | |
| Plaintiff, ) | **ORDER AUTHORIZING RELEASES** |
| ) | **OF WATER FROM LAKE TAHOE** |
| vs. ) | **IN QUANTITIES GREATER THAN** |
| ) | **NEEDED TO MAINTAIN** |
| THE TRUCKEE RIVER GENERAL ) | **FLORISTON RATES** |
| ELECTRIC COMPANY, a corporation ) | |
| ) | |
| Defendants. ) | |

2

  Plaintiff THE UNITED STATES OF AMERICA and Defendant SIERRA PACIFIC POWER COMPANY (formerly Truckee River General Electric Company), having submitted their Joint Petition to Authorize Emergency Releases of Water from Lake Tahoe in Quantities Greater than Needed to Maintain Floriston Rates, specified in the Judgment and Decree entered herein on June 4, 1915, and the Court being fully informed finds as follows:

  1. The United States of America, for the purpose of providing for the irrigation of lands within the Newlands Reclamation Project in the State of Nevada and to carry out the provisions of the Act of Congress approved June 17, 1902 (32 Stat. 388, 43 U.S.C. §§ 371, *et seq.*), and acts amendatory thereof, acquired an easement and right of exclusive possession and enjoyment in, over and upon lands (including the dam and control works) at the outlet of Lake Tahoe under and pursuant to a Judgment and Decree entered on June 4, 1915, in the District Court of the United States in and for the Northern District of California, Civil No. 14861, and a Final Order of Condemnation entered by the aforesaid Court on June 28, 1915; that case was transferred to this Court effective February 9, 1968, and assigned Civil No. S-643.

  2. The 1915 Judgment and Decree provided, *inter alia*, for the manner and operation of the dam and control works at the outlet of Lake Tahoe by the officers and agents of the United States for the purpose of securing the rights of the United States and the Truckee River General Electric Company, now Sierra Pacific Power Company, in and to the use of the waters therein described; the Judgment and Decree provides that the United States is to release from Lake Tahoe into the Truckee River sufficient water to maintain Floriston Rates and that no water is to be drawn from Lake Tahoe in excess of the quantity of water required to maintain Floriston Rates.

  3. The 1915 Judgment and Decree defines Floriston Rates as a flow of water in the Truckee River at Floriston Rates of 500 cubic feet per second (cfs) from March 1 to September 30 and 400 cfs from October 1 to the last day of February, inclusive.

  4. In order to have the relative water rights of the Newlands Proclamation Project and water users on the Truckee River determined, the United States commenced a comprehensive water right adjudication proceeding in the United States District Court for the

1  District of Nevada; that action was commenced in 1913 and became known as the Orr Ditch
2  litigation.

3      5.    As a result of a July 1, 1935, Agreement among the United States, Truckee-
4  Carson Irrigation District, Washoe County Water Conservation District, Sierra Pacific Power
5  Company and others (the "Truckee River Agreement"), a final decree was entered in *Orr Ditch*
6  on September 8, 1944.

7      6.    The Orr Ditch Decree, which incorporates the Truckee River Agreement,
8  provides for the operation of Lake Tahoe and Boca Reservoir to maintain Floriston Rates;
9  under certain circumstances, described below, the Truckee River Agreement provides that the
10 United States and Sierra Pacific Power Company will jointly petition this Court for authority to
11 release water from Lake Tahoe in quantities greater than the amount needed to maintain
12 Floriston Rates.

13     7.    Pursuant to Article III, Paragraph (F), of the Truckee River Agreement, the dam
14 and controlling works at the outlet of Lake Tahoe are to be operated "as to prevent, insofar as
15 practicable, the water surface of said Lake from exceeding elevation 6,229.1 feet above sea
16 level."[1]

17     8.    Article III, Paragraph (F)(1), of the Truckee River Agreement sets forth a
18 procedure for estimating the maximum elevation which Lake Tahoe will reach "during the
19 current season."

20     9.    Pursuant to Article III, Paragraph (F)(2), whenever the estimated water surface
21 elevation of Lake Tahoe would be higher than 6,230.0 feet above sea level, releases are to be
22 made of the "amount of water equivalent to the amount which it is estimated would be in said
23 Lake above elevation 6,230.0 feet above sea level," and if after such release, the *actual* surface
24 elevation is lower than 6,228.0 feet above sea level, the gates are to be closed, "excepting only
25 as may be required to maintain" Floriston Rates.

---

[1] All references in this Order to water surface elevations are to Lake Tahoe Datum.

4

10. Pursuant to Article III, Paragraph (F)(3), of the Truckee River Agreement, whenever the water surface elevation of Lake Tahoe is higher than 6,228.0 feet above sea level, releases are to be made from Lake Tahoe until the estimate of its maximum water surface elevation for the current calendar year will not exceed 6,229.1 feet above sea level.

11. Article III, Paragraphs (F)(2) and (3), allow the Truckee-Carson Irrigation District, Sierra Pacific Power Company and Washoe County Water Conservation District to agree to rates of flow below the maximum discharge from Lake Tahoe and to keep the gates open when the water surface elevation is below 6,228.0 feet.

12. However, Article III, Paragraph (F)(4), of the Truckee River Agreement limits the quantity of water which may be released to the quantity which may be released under the 1915 Judgment and Decree of this Court, and if greater quantities must be released to accomplish the purposes of subparagraphs (2) and (3) of Paragraph (F) of Article III, the United States and Sierra Pacific Power Company are to petition this Court for a temporary order to permit such additional releases to prevent, so far as reasonably practicable, high water damage to property legally entitled to protection therefrom.

13. As of May 17, 2006, the conditions in the Lake Tahoe Basin and with respect to the rate of flow in the Truckee River are as follows:

(a) The water surface elevation of Lake Tahoe is 6,228.09 feet above sea level.

(b) Releases from Lake Tahoe are 71 cfs.

(c) The flow in the Truckee River at Farad, California, exceeds Floriston Rates.

(d) The water content of the snow on the ground in the Lake Tahoe Basin is 143% of normal for said date.

(e) At March 30, 2006, the water surface elevation of Lake Tahoe was 6,226.84 feet above sea level, and assuming normal precipitation at Lake Tahoe between that date and the date Lake Tahoe would be projected to reach its peak elevation under the

5

provisions of Article III(F)(1) of the Truckee River Agreement, the water surface elevation of Lake Tahoe is estimated to rise between 2.35 and 2.55 feet.

(f) If releases of water from Lake Tahoe were held to only the quantity needed to maintain Floriston Rates, during calendar year 2006, the water surface elevation of Lake Tahoe would reach between 6,229.19 and 6,229.39 feet, which is more than the maximum elevation allowed in the Truckee River Agreement.

14. Given these facts and to prevent, so far as reasonably practicable, high water damage to property legally entitled to such protection, it may be necessary to release water from Lake Tahoe in excess of Floriston Rates throughout calendar year 2006.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. The maximum possible discharge may be released from Lake Tahoe (or such lesser rate of flow as may be agreed upon between Truckee-Carson Irrigation District, Washoe County Water Conservation District and Sierra Pacific Power Company) until its maximum anticipated water surface elevation for the calendar year 2006 will not exceed 6,229.1 feet above sea level as provided for in Article III, Paragraph (F), subparagraphs (1), (2) and (3), of the Truckee River Agreement.

2. The quantity of water to be released is subject to adjustments based upon current information as the year progresses and upon consultation and agreement as set forth in the Truckee River Agreement.

3. This order constitutes a temporary order only and shall remain in force and effect through December 31, 2006.

Dated this 18 day of May, 2006.

Lawrence K. Karlton
Senior United States District Judge
Chief Judge Emeritus

6